892 F.2d 1044
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Joseph HOWEY, Defendant-Appellant.
 No. 89-1424.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1990.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Richard Howey appeals his conviction and sentence in the United States District Court for the Eastern District of Michigan following a jury trial on a three-count indictment charging him with making a false statement before a court, in violation of 18 U.S.C. § 1623 (1982), and failure to appear at a probation violation hearing, in violation of 18 U.S.C.A. § 3146(a)(1) (West 1985).
 
 
 2
 The false statement charge in this case relates to Howey's testimony in a hearing on September 30, 1988 on the government's motion to revoke his bond. Howey was at the time free on bond, pending a hearing on charges that he had violated the terms of his probationary release from prison. One condition of the bond was that Howey would not leave his residence at his aunt's house between 7:00 p.m. and 7:00 a.m. At the hearing, Howey's probation officer testified that he had taken statements from several persons that Howey had been at a certain restaurant around 2:30 a.m. on September 23, 1988. However, Howey testified that he had been at his aunt's house the entire night. The magistrate concluded that the government had not met its burden of proof regarding whether Howey had violated the bond's curfew condition. On the basis of this testimony, Howey was subsequently charged with making false statements before a court. At trial, the government presented testimony by live witnesses regarding Howey's whereabouts on September 23, instead of the probation officer's second-hand investigation report. Four witnesses who knew Howey (Nena Vaughan, Kathy Parker, Tracy Witak, and Maryann Gormley) testified that they saw him at the restaurant for about fifteen minutes around 2:30 a.m. that night. They stated that Howey was looking for Kathy Gormley, Maryann's sister and Howey's ex-girlfriend, who had been out with the four women that evening. The women told Howey that they had dropped Kathy off at her parents' house, but Howey disbelieved them and shouted and swore at them. A fifth witness, a restaurant patron who did not know Howey, testified that upon entering the restaurant around 2:30 a.m., he saw a man shouting and swearing at Maryann Gormley and that the man left shortly thereafter. The parents of Kathy Gormley testified that around 2:30 a.m., they received a call from Maryann that Howey was on his way to their house to look for Kathy and was quite upset. Several minutes later, they state, a car pulled into their driveway and blew its horn for several minutes, after which a passenger in the car got out, knocked on their door, and called for Kathy. Mrs. Gormley testified that she recognized the voice as Howey's. Other witnesses at the trial included Howey's aunt, who testified that Howey did not leave her house that night while she was awake. However, she also admitted that she had dozed off and on during the night. The defense rested at the end of the government's case and did not put on any witnesses.
 
 
 3
 The failure to appear conviction stems from Howey's failure to appear at the hearing held on October 18, 1988 to determine whether Howey had violated his probation. On the night of September 30-October 1, Howey left Michigan with two other persons and drove to Colorado, where he lived under an assumed name until his arrest on October 21, 1988 for the false statement and failure to appear charges. At trial, Howey elicited testimony from several witnesses that he had told them of a death threat against him. However, the trial court excluded all testimony relevant to the alleged death threat as inadmissible hearsay, and therefore barred Howey from arguing to the jury that he had fled Michigan under duress.
 
 
 4
 On January 26, 1989, a jury found Howey guilty of the false statement and failure to appear charges. On April 11, 1989, Howey was sentenced. Under the Sentencing Guidelines of the United States Sentencing Commission, the court adjusted his sentence upwards on the grounds that Howey had attempted to obstruct his prosecution. The offending incident was a phone call on January 14, 1989 to Kathy Gormley from Sharon Adams, Howey's girlfriend. Howey, then in jail, was on another line to Adams during the call to Gormley, and had Adams relay questions to Gormley about her statements to the Assistant U.S. Attorney prosecuting his case.
 
 
 5
 On appeal, Howey argues that the evidence was insufficient for the jury to convict him of the false statement charge. As to the failure to appear conviction, he argues that the trial court erred in excluding testimony relating to the alleged death threat against him and in improperly barring his duress defense. Lastly, Howey argues that the court erred in applying the Sentencing Guidelines to adjust his sentence upward.
 
 
 6
 Upon a careful examination of the record, the court is satisfied that the claims of the appellant are not meritorious. The evidence was overwhelming that Howey did not tell the truth when he testified at the bond revocation hearing that he was home on the night in question. Regarding his second claim, Howey admits that he absented himself from the State of Michigan and traveled to Colorado, and in consequence failed to appear at the probation hearing as required. Under our circuit's decision in United States v. Campbell, 675 F.2d 815, 821 (6th Cir.1982), before the jury would be permitted to consider his defense of coercion, Howey was obligated to advance adequate proof of an immediate threat of death or serious injury which required him to absent himself from the state with no other opportunity to avoid the danger. The proofs altogether failed in this respect. In the absence of necessary proof of actual threats, any concern that the trial court may have erred in excluding hearsay evidence of witnesses which might otherwise have been admissible under Fed.R.Evid. 803(3) as establishing the state of mind of the defendant was rendered irrelevant. Finally, we find that the Sentencing Guidelines as established under the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., were not violated by the trial court's determination to increase the level of the offense under Sentencing Guideline § 3C1.1. The Guideline authorizes an increase "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense." Id. Application Note 1(d) to that Guideline provides that such conduct includes "threatening, intimidating, or otherwise unlawfully attempting to influence a co-defendant, witness, or juror, directly or indirectly." Under the circumstances here, it was not fatal to the sentencing judge's determination that the purported attempts were made through a third party, or were made when the defendant was back in custody and therefore would not have violated the conditions of his probation. Further, there appears to have been no abuse of discretion in all events inasmuch as the sentence actually imposed was well below the minimum called for by the Guidelines.
 
 
 7
 Accordingly, the judgment of the district court is in all respects AFFIRMED.
 
 
 
 *
 Honorable Albert J. Engel assumed senior status effective October 1, 1989